**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| MICHAEL CONNERS,<br><br>*Plaintiff*,<br><br>v.<br><br>GUNNISON PROPERTIES, LLC, et al.,<br><br>*Defendants*. | ) | No. 4:25-cv-01507-JMD |

**<u>MEMORANDUM AND ORDER GRANTING MOTION TO REMAND</u>**

After the defendants removed this case to federal court, the plaintiff moved for remand. The Court agrees that remand is required, but not for the reasons suggested by the plaintiff. The plaintiff clearly raised federal issues in his petition, but those issues are frivolous, so this Court lacks federal-question jurisdiction.

**Procedural Background**

Michael Conners filed a *pro se* petition in state court, asking for a declaration that he is the rightful owner of the real property located at 4923 Mardel Avenue, St. Louis, Missouri 63109 and that defendant Gunnison Properties has "no legitimate title or possessory interest in said property." ECF 1-4 at 9. He also seeks injunctive relief and monetary damages. *Id.* at 9–10. Another defendant, Shellpoint Mortgage Servicing, removed the case to this Court, arguing that this Court had federal-question jurisdiction. ECF 1 at 3.[1] Conners moved to remand the case back to state court. ECF 12.

[1] In removing this case to federal court, Shellpoint also cited the statutes permitting removal for actions involving a defendant acting under a federal officer, 28 U.S.C. § 1442, and for actions

**Standard of Review**

Removal is proper here only if Conners could have originally brought his claims in federal court. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *see also* 28 U.S.C. § 1441(a). Shellpoint, as the party seeking removal, "has the burden to establish federal subject matter jurisdiction." *Cent. Iowa Power Coop.*, 561 F.3d at 912. "[A]ll doubts about federal jurisdiction must be resolved in favor of remand." *Id.*

Shellpoint argues that this case invokes federal-question jurisdiction. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Removal based on 'federal-question jurisdiction is governed by the "well-pleaded-complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Cent. Iowa Power Coop.*, 561 F.3d at 912 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

But mere assertion of a federal question is not sufficient. A court "does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Id*; *see also Nw. S.D. Prod. Credit Ass'n v. Smith*, 784 F.2d 323,

related to the Federal Home Loan Mortgage Corporation, 12 U.S.C. § 1452(f). ECF 1 at 2. But as Conners emphasizes in his motion to remand, Shellpoint does not provide any facts to justify removal on these grounds. ECF 12 at 3–4. And Shellpoint focuses solely on federal-question jurisdiction in its response to the motion to remand. ECF 15 at 3–4. The Court therefore deems these arguments for removal abandoned. *Cf. Little v. United States Dep't of Def.*, No. 4:21-CV-1309-JAR, 2022 WL 1302759, at *3 (E.D. Mo. May 2, 2022) (highlighting that the failure to respond to arguments raised in a motion to dismiss constitutes abandonment of claims).

325 (8th Cir. 1986) (stating that a "*non-frivolous* claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction" (emphasis added)). If Conners's federal claims are frivolous, then Shellpoint has not met its burden to establish federal-question jurisdiction.

**Analysis**

All federal claims in Conners's petition are frivolous, so the Court lacks federal-question jurisdiction. In his motion to remand, Conners states that his petition asserts only claims under state law. ECF 12 at 3. Conners's petition is disorganized and repetitive. Because Conners filed his petition *pro se*, the Court liberally construes it in the attempt to discern if his stated facts state a claim under federal law. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Shellpoint correctly points out that Conners cites several federal statutes in his petition, specifically, "violations of federal law, including the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692g; the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601 et seq., . . . and the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq." ECF 15 at 2 (quoting ECF 1-4 at 8). Still, these claims are frivolous. Conners asserted that Gunnison Properties violated the above federal statutes. ECF 1-4 at 4, 10. But Gunnison Properties is the entity to whom Shellpoint transferred the property at issue after initiating foreclosure proceedings. *Id.* at 3. Gunnison Properties is not an entity regulated by the statutes Conners cites. *See* 15 U.S.C. § 1692g(a) (regulating "debt collector[s]"); 12 U.S.C. § 2605(e)(1)(A) (regulating "any servicer of a federally related mortgage loan"); 15 U.S.C. §§ 1638(a), 1666(a) (regulating "creditor[s]"). The Court holds that these claims are "so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation

omitted). In merely pointing to these frivolous claims, Shellpoint does not meet its burden to establish subject-matter jurisdiction.

Conners asserts other violations of federal law that Shellpoint does not highlight. Because Shellpoint does not rely on these assertions, it has waived any argument that these assertions create jurisdiction. In any event, these claims also are frivolous. Conners asserts that Gunnison Properties violated 18 U.S.C. § 1005. ECF 1-4 at 4. Conners does not explain why this provision, which primarily regulates banks, covers Gunnison Properties. Conners also, in passing, invokes the Due Process Clause of the Fourteenth Amendment. *Id.* at 10. But "a mere assertion of a deprivation of a federal constitutional right is not sufficient to sustain federal jurisdiction." *Stanturf v. Sipes*, 335 F.2d 224, 229 (8th Cir. 1964). Conners nowhere asserts a claim under 42 U.S.C. § 1983, and his petition alleges no facts permitting the Court to conclude that Gunnison Properties "may fairly be said to be a state actor," *Ams. United for Separation of Church & State v. Prison Fellowship Ministries*, 509 F.3d 406, 422 (8th Cir. 2007) (citation omitted), or that there was "an agreement or meeting of the minds between . . . private and state actors," *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). Finally, Conners mentions "potential violations" by Shellpoint "of 11 U.S.C. § 362 . . . , 11 U.S.C. § 542 . . ., and 12 U.S.C. § 2605(e)." ECF 1-4 at 6. Shellpoint offers nothing to persuade the Court that these claims of "potential violations" are not frivolous. To the extent there are any doubts about federal jurisdiction, the Court resolves those in favor of remand. *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014). Shellpoint fails to meet its burden to establish subject-matter jurisdiction.

On top of this, Conners's petition—as well as other documents in the record—are awash with theories and practices of so-called sovereign citizens. He asserts that "Shellpoint

failed to produce the original wet-ink promissory note." ECF 1-4 at 3. But this "original wet-ink signature note" theory has been "uniformly rejected by courts around the country." *Hobson v. Wells Fargo Home Mortg.*, No. 2:11CV00010 AGF, 2011 WL 3704815, at *2 (E.D. Mo. Aug. 24, 2011) (citations omitted). Among other practices common among "sovereign citizens," Conners signs his name with his last name first and his first name separated by a colon, and he includes a fingerprint next to his signature. *E.g.*, ECF 1-4 at 10, 14, 16, 17; *see* Counterterrorism Analysis Section, *Sovereign Citizens: A Growing Domestic Threat to Law Enforcement*, Fed. Bureau of Investigation (Sept. 1, 2011) (describing common practices of so-called sovereign citizens);[2] *Carter v. SouthLaw*, No. 4:26-cv-0151-JMD, 2026 WL 444939, at *2 (E.D. Mo. Feb. 17, 2026) (highlighting the resemblances between plaintiff's complaint and those filed by "sovereign citizens," even though plaintiff did not "openly state that he ascribes to 'sovereign citizen' ideology"). "[I]t is well-established in the Eighth Circuit that arguments based on sovereign citizen ideology are inherently frivolous." *Id.* (citation omitted). The presence of "sovereign citizen" patterns in Conners's petition further confirms to this Court that his claims do not support federal-question jurisdiction. With no explanation as to how any of Conners's federal claims are not frivolous, Shellpoint fails to meet its burden to establish subject-matter jurisdiction.

**Conclusion**

Because Shellpoint does not meet its burden to establish subject-matter jurisdiction, the Court will remand the case to the state court. *See McGuire v. Edwards*, No. 4:18-CV-71 CAS, 2018 WL 783064, at *4 (E.D. Mo. Feb. 8, 2018) (granting plaintiff's motion to remand

[2] https://leb.fbi.gov/articles/featured-articles/sovereign-citizens-a-growing-domestic-threat-to-law-enforcement

after concluding that plaintiff's federal claims were "so completely devoid of merit as not to involve a federal controversy"); *Richardson-Edmonds v. Coxhealth, Lester E. Cox, Med. Ctrs.*, No. 6:26-cv-03092-MDH, 2026 WL 607444, at *2–4 (W.D. Mo. Mar. 4, 2026) (same); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[3]

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**. ECF 12.

Dated this 18th day of August, 2026

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

[3] Before they withdrew from representing him, Conners's attorneys also requested costs and fees. ECF 12 at 5–6. Although the court "may" award costs and attorney fees incurred because of removal, 28 U.S.C. § 1447(c), the Court will not do so here. Conners's petition cites numerous federal laws, so the Court will not conclude that Shellpoint was "without a reasonable basis to remove the action" even though Shellpoint failed to establish that those claims supported federal-question jurisdiction. *Moore v. Kan. City Pub. Schs.*, 828 F.3d 687, 694 (8th Cir. 2016) (denying plaintiff's request for attorney fees even though defendants "failed to satisfy their burden of establishing federal jurisdiction").